Matter of Garda CL Atl., Inc. v New York City Off. of Admin. Trials & Hearings (2025 NY Slip Op 03650)

Matter of Garda CL Atl., Inc. v New York City Off. of Admin. Trials & Hearings

2025 NY Slip Op 03650

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 162286/23|Appeal No. 4250 & M-01099|Case No. 2024-03636|

[*1]In the Matter of Garda CL Atlantic, Inc., Petitioner,
v
New York City Office of Administrative Trials and Hearings, et al., Respondents.

The Law Office of David S. Klausner PLLC, White Plains (David S. Klausner of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for respondents.

Determination of respondent, the Appeals Division of the New York City Office of Administrative Trials and Hearings (OATH) through the Environmental Control Board, dated September 28, 2023, which, after a hearing, sustained a violation against petitioner of Administrative Code of City of NY § 24-163 and imposed a penalty of $350, unanimously reversed, on the law, without costs, the petition under CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered May 14, 2024) granted, and the determination annulled.
Petitioner is an armored transportation company that transports cash and currencies. When making a delivery, the crew members must keep the vehicle's engine running to keep its security system operative, to allow the vehicle to be moved instantly in the event of a robbery, and to ventilate the vehicle since its windows are sealed for security reasons.
Under the City's Air Code, "[n]o person shall cause or permit the engine of a motor vehicle . . . to idle . . . unless the engine is used to operate a loading, unloading or processing device" (Administrative Code of City of NY § 24-163[a]). The rules of the Department of Environmental Protection of the City of New York (DEP) define "processing device" as either (1) "a device that accomplishes the function for which the vehicle or equipment was designed, other than transporting goods or people, via a mechanical connection to the engine" or (2) "a system that controls the environment of temperature-sensitive cargo or substances" (15 RCNY 39-01). The rule provides that "'processing device' shall not include a heater or air conditioner operated for cabin comfort" (id. ). The question here is whether an armored truck while making a delivery is considered a "processing device."
Petitioner submitted evidence in the form of a screenshot from the DEP's website showing that "armored trucks" are "an activity classified as process" and thus not subject to the above prohibition. Consistent with its position online, in an email dated August 31, 2018, the DEP confirmed to petitioner that "[t]here is no need to file a variance, as we have protocol in place to instruct the inspectors that if the work being performed is directly related to the reason the vehicle is idling, the inspector is not to issue the violation." While the charged violation at issue occurred in 2022, there is no indication in the record that the DEP publicly changed its position before then. To the extent that the Board's determination conflicts with the DEP's position, we find the
Board's determination to be arbitrary and capricious. Accordingly, we reverse and grant the petition to annul the violation. M-01099 — Matter of Garda CL Atlantic Inc. v
NYC Office of Administrative Trials and Hearings, et al., Motion to stay additional pending OATH hearings, denied.
THIS CONSTITUTES THE [*2]DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025